UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-504-GWU

BERTHA STOKES, PLAINTIFF,

VS.          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Bertha Stokes brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience."  Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985).  Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  Id., n.1.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Stokes did not suffer from a "severe" mental or physical impairment.  (Tr. 14).  Therefore, the plaintiff could not be considered totally disabled.  (Tr. 17).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  The ALJ erred in finding that Stokes did not suffer from a "severe" mental impairment.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the Court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

The Farris decision provides that a fairly liberal standard should be used in evaluating whether a claimant's impairment is severe.  An impairment can be considered as not severe only if the impairment is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." Farris, 773 F.2d 85, at 88.

Psychologist Robert Spangler examined Stokes and diagnosed a dysthymic disorder, an anxiety disorder, alcohol abuse (in full remission) and borderline intelligence.  (Tr. 593).  Spangler identified a number of very severe mental limitations including (1) "no useful ability" in such areas as dealing with the public, dealing with work stresses, understanding, remembering and carrying out complex and detailed instructions, and demonstrating reliability; and (2) a "seriously limited but not precluded" ability in such areas as relating to co-workers, using judgment, interacting with supervisors, functioning independently, maintaining attention and concentration, understanding, remembering and carrying out simple instructions, maintaining personal appearance, behaving in an emotionally stable manner, and relating predictably in social situations.  (Tr. 596-597).  These are significant mental limitations which certainly suggest the existence of a "severe" mental impairment. Social Security Ruling 85-15 indicates when one has a "substantial" loss of ability to understand, remember and carry out simple instructions, respond appropriately

4

to supervision and co-workers, and deal with routine work changes and situations, a finding of disabled status can be appropriate even in the absence of any physical limitations.  Therefore, Spangler provides strong support for the plaintiff's claim.

The ALJ rejected Spangler's opinion because it appeared to be contradicted by that of the staff at the Cumberland River Comprehensive Care Center (Cumberland River), Stokes's treating source.  (Tr. 16).  However, the Cumberland River staff did not identify mental limitations which specifically contradict those reported by Spangler.  (Tr. 448-530, 576-581).  The claimant's Global Assessment of Functioning (GAF) was rated at 60.  (Tr. 463).  This GAF suggests the existence of "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  This GAF at least supports the existence of a "severe" mental impairment, even if the severity does not reach the level indicated by Spangler.  Therefore, the Cumberland River treatment records do not support the administrative decision.

Psychologists Jane Brake (Tr. 531) and Stephen Scher (Tr. 546), the non-examining medical reviewers, each opined that Stokes' mental problems were not "severe."  These opinions contradict that of Spangler, the examiner.  The administrative regulations provide that "generally we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not

5

06-504 Stokes

examined you." 20 C.F.R. Section 404.1527(d)(1). An ALJ may rely upon the opinion of a non-examining source over that of an examining source when the non-examiner clearly states the reasons for their differing opinions. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). In the present action, Brake saw the record in November of 2004 and Scher saw it in April of 2005. Neither had the opportunity to see and comment upon Spangler's February, 2006 findings. Therefore, their opinions cannot be used to offset that of the examining source. The ALJ should at least have sought the advice of a medical advisor who had reviewed the complete record.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 24th day of October, 2007.



Signed By:

G. Wix Unthank

United States Senior Judge